UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
SANTIAGO MENDEZ

                                    Plaintiff,        COMPLAINT

         -against-                         FLSA COLLECTIVE
                                                                    ACTION
BUON GELATO AND EURO BAR OF
NY CORP d/b/a BUON CAFÉ & TRATTORIA
 and FELLIPO GALLINA, *individually*
                                               Defendants.
-------------------------------------------------------------------------X

Plaintiff Santiago Mendez ("Plaintiff") on behalf of himself and other similarly situated employees at Defendants, by and through their attorneys, The Law Offices of Jacob Aronauer, allege the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff and his similarly situated co-workers (cooks, deliverymen, bussers, and food runners) to recover unpaid overtime compensation and other wages. Plaintiff worked at the restaurant owned, controlled, and operated by Defendant Fellipo Gallina.

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Buon Gelato and Euro Bar of NY Corp ("Buon Trattoria") and Fellipo Gallina ("Gallina") (collectively herein "Defendants").

3. Plaintiff also brings this action on behalf of all similarly situated current and former employees of all restaurants owned and operated by Defendants pursuant to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

7. Plaintiff is an adult individual residing in Queens, New York.

8. From March 2020 until January 6, 2022, Plaintiff worked as a deliveryman and cook at Buon Trattoria at 74-02b Eliot Ave in Middle Village, New York.

9. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

**Fellipo Gallina**

10. Since at least 2016, Defendant Gallina has maintained control, oversight and the direction of Buon Trattoria in Middle Village, New York.

11. Defendant Gallina is a person engaged in business in Queens County, who is sued individually in his capacity as an owner, officer and/or agent of Buon Trattoria.

**Buon Gelato and Euro Bar of NY Corp**

12. Buon Gelato and Euro Bar of NY Corp is a domestic limited liability company in the restaurant industry, having its principal place of business located at 74-02b Eliot Ave in Middle Village, New York.

13. At all times relevant to this action, Defendant Buon Trattoria was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. Buon Trattoria has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

15. Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

16. Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions and the practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who have worked as non-exempt workers at Buon Trattoria, who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

18. The FLSA Collective Plaintiffs consist of approximately 30 similarly situated current and former employees of Buon Trattoria, who have been victims of Defendants' policies and practices that have violated their rights under the FLSA, *inter alia,* willfully denying them overtime wages.

19. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective Plaintiffs.

20. Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective Plaintiffs were not paid the appropriate premium overtime compensation for all hours worked beyond 40 hours per workweek.

21. All the work that Plaintiff and the FLSA Collective Plaintiffs have performed was assigned by Defendants, and/or Defendants have been aware of all work that Plaintiff and the FLSA Collective Plaintiffs have performed.

22. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to:

   (a) willfully failing to pay cooks, deliverymen, bussers, and food runners, including Plaintiff and the FLSA Collective Plaintiffs, the appropriate premium overtime wages for hours worked in excess of 40 hours per workweek; and

   (b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective Plaintiffs, have worked for the benefit of Defendants.

23. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate Plaintiff and the FLSA Collective Plaintiffs for the overtime hours worked.

24. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs minimum wage for hours worked up to 40 per workweek.

25. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs overtime premiums for hours worked in excess of 40 per workweek.

26. Plaintiff and the FLSA Collective Plaintiffs perform or performed the same primary duties and were subject to the same policies and practices by Defendants.

27. Defendants' unlawful conduct is widespread, repeated and consistent.

28. There are many similarly situated current and former non-exempt workers who have been denied overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b).

29. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## PLAINTIFF'S FACTUAL ALLEGATIONS

**Work Schedule and Salary for**
**Cooks, Deliverymen, Bussers and Food Runners at Buon Trattoria**

30. Buon Trattoria uses a time track keeping system to monitor cooks, deliverymen, bussers, and food runners at Buon Trattoria.

31. Cooks, deliverymen, bussers, and food runners are required to clock in and out.

32. Cooks, deliverymen, bussers, and food runners are often required to work more than 40 hours per week for Defendants.

33. Cooks, deliverymen, bussers, and food runners are not paid time and one half for all overtime work as required under the FLSA and NYLL.

**Plaintiff's Work Schedule and Salary at Defendants**

34. As previously mentioned, Plaintiff worked for Defendants from March 2020 to January 6, 2022.

35. From on or about March 1, 2020 to on or about June 30, 2020, Plaintiff worked four days per week from 4:00 p.m. to 9:00 p.m. as a deliveryman.

36. From on or about July 1, 2020 to August 1, 2020, Plaintiff had an accident and did not work.

37. For the week of August 2, 2020 to August 8, 2020, Plaintiff worked 21 hours as a deliveryman.

38. In September 2020, Plaintiff began to receive shifts as a cook.

39. From August 9, 2020 to January 6, 2022, Plaintiff worked over 40 hours per week.

40. From January 2, 2021 to January 6, 2022, Plaintiff was not given a lunch break.

41. From on or about March 1, 2020 to on or about June 30, 2020, Plaintiff was paid $8 per hour plus tip.

42. From August 9, 2020 to on or about December 31, 2020, Plaintiff was paid $16 per hour for his shifts working as a cook.

43. From August 9, 2020 to on or about December 31, 2020, Plaintiff was paid $8 per hour plus tip for his shifts working as a deliveryman.

44. From on or about January 1, 2021 to on or about November 1, 2021, Plaintiff was paid $17 per hour.

45. From December 2021 to January 6, 2022, Plaintiff was paid $18 per hour.

46. Defendants failed to furnish Plaintiff with accurate statements of wages, hours worked, rates paid and gross wages.

47. At no time during his employment did Plaintiff receive notice of any form of a tip credit being taken towards his wages.

48. When Plaintiff began working as a cook at the restaurant, Defendants failed to pay Plaintiff overtime in compliance with the FLSA and the NYLL.

**Defendants' Violations of the Wage Theft Prevention Act**

49. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

50. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

Plaintiff was never given a notice in English and his native language containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" named used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs)**

51. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporate by reference all allegations in all preceding paragraphs.

7

52. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

53. Plaintiff and the FLSA Collective Plaintiffs have worked in excess of forty hours during some workweeks in the relevant period.

54. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

55. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants are aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

56. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

57. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime
### (Brought on behalf of Plaintiff)

58. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

59. Defendants have failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

60. Defendants have failed to pay Plaintiff one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

61. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

62. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
### (On Behalf of Plaintiff)

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Throughout his employment, Plaintiff frequently worked more than ten hours in a workday.

75. Defendants willfully failed to compensate Plaintiff with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

76. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

77. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on behalf of Plaintiff)

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

80. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

81. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**FIFTH CAUSE OF ACTION**
**New York Labor Law-Failure to Provide Wage Statements**
**(Brought on behalf of Plaintiff)**

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

84. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

85. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand

11

dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 198;

C. Unpaid overtime pay, spread of hours, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

D. Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiffs with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

E. Statutory penalties of two hundred fifty dollars for each work day that Defendants have failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

F. Prejudgment and post-judgment interest;

  G. An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL; and

  H. Reasonable attorneys' fees and costs of the action.

Dated: February 19, 2022
    New York, New York

                Respectfully submitted,

                */s Jacob Aronauer*
                Jacob Aronauer
                225 Broadway, 3rd Floor
                New York, NY 10007
                (212) 323-6980
                jaronauer@aronauerlaw.com

                *Attorneys for Plaintiff*